**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CLAUDIA SALVADOR,

    Plaintiff,

v.

ASURION, LLC.,

    Defendant.

CASE NO.: _____

**PLAINTIFF DEMANDS A JURY TRIAL**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CLAUDIA SALVADOR ("Plaintiff" or "Ms. SALVADOR") in the above styled cause hereby sues Defendant, ASURION, LLC, a foreign limited liability company ("Defendant" or "the Company") and hereby files and serves her Complaint and Demand For Jury Trial and alleges:

**NATURE OF CASE**

1. Plaintiff brings this action to recover damages against Defendant for alleged gender discrimination, gender wage discrimination, and retaliation under the Equal Pay Act of 1963 ("EPA"), 52 Stat. 1062, as amended, 29 U.S.C. §206(d) *et seq*. and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against based on her gender, subjected to gender wage discrimination, and retaliated against by her employer solely for complaining of the ongoing discrimination.

2. Furthermore, this action is to redress the Defendant's unlawful employment practices against Plaintiff SALVADOR, including Defendant's unlawful discrimination against Plaintiff SALVADOR because of her sex/gender in her wages, and for Defendant's retaliatory actions against Plaintiff for complaining of the ongoing discrimination and

harassment, all leading to her unlawful discrimination.

## JURISDICTION AND VENUE

3. This is an action for monetary damages and all other appropriate relief as deemed by the court, pursuant to Equal Pay Act of 1963, 29 U.S.C. §206(d) *et seq*. ("EPA").

4. This court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal requestions regarding deprivation of Plaintiff's civil rights under EPA.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon the fact Defendant was located in this judicial district and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district. Plaintiff was employed by Defendant within Miami Shores, Florida, which is in Miami-Dade County, Florida.

## PROCEDURAL PREREQUISTES

6. Plaintiff has complied with all statutory prerequisites to file this action.

7. On or about December 4, 2020, Plaintiff dual-filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant as set forth herein.

8. An EEOC filing automatically operates as a dual FCHR filing.

9. This action is being brought concurrently to the administrative proceeding as permitted under the EPA.

## PARTIES

10. Plaintiff SALVADOR is an individual woman who is a resident of the state of Florida and resides in Miami-Dade County, Florida.

11. At all relevant times, Plaintiff was employed by Defendant and performed work for Defendant

in Miami-Dade County, Florida.

12. Defendant Asurion, LLC is a Foreign Limited Liability Company authorized to do business by the virtue and laws of the State of Florida with offices in Miami-Dade County, Florida.

13. Defendant Asurion is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

14. At all material times, Defendant employed David Ledezma (hereinafter referred to as "LEDEZMA") as District Manager.

15. At all material times, LEDEZMA held supervisory authority over Plaintiff, controlling various tangible aspects of her employment, including but not limited to the power to hire and fire Ms. SALVADOR.

16. At all material times, Defendant employed Kevin Nazien (hereinafter referred to as "NAZIEN") as Technical Consultant.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17. In or around September 2015, Defendant hired Plaintiff SALVADOR as a Technical Consultant.

18. At all times throughout her employment, Plaintiff was an exemplary employee; in fact, her performance earned her the next spot in line receive a promotion, pursuant to Defendant's policies and procedures.

19. At all times relevant, LEDEZMA established an open practice of regularly excusing infractions such as tardiness, intimidation, and harassment by her male colleagues while harshly criticizing and disciplining Plaintiff SALVADOR and her female colleagues.

20. By means of example and not meant to be an exhaustive list, on more than one occasion, LEDEZMA counseled Plaintiff for petty violations of Defendant's dress code. LEDEZMA did not counsel Plaintiff's male colleagues for similar violations.

21. At all times material, LEDEZMA held female employees to a separate, more strict standard of

conduct than male employees, purely because of their gender/sex.

22. Defendant's business operation, by and through its agent LEDEZMA, created a culture wherein disparate treatment of female employees appeared to be not simply tolerated, but encouraged.

23. Furthermore, shortly after Plaintiff began working at Defendant, NAZIEN, her male coworker, openly intimidated and harassed Plaintiff on the basis of her sex/gender.

24. By means of example and not meant to be an exhaustive list, on numerous occasions, NAZIEN displayed unprofessional and inappropriate aggression towards the female employees, including Plaintiff, targeted female colleagues with crude, gender-based comments, and intentionally interfered with his female colleagues' work performance.

25. At all times material, NAZIEN's conduct and comments were unwelcomed and offensive. Plaintiff SALVADOR opposed NAZIEN's comments and conduct, both to him directly and in complaints to LEDEZMA.

26. In response to Plaintiff's complaints, NAZIEN, aware of the personal risk associated with his unlawful discrimination, intentionally prohibited Plaintiff from complaining to her superiors about his harassment and discrimination by openly intimidating Plaintiff physically and verbally in the workplace.

27. Despite NAZIEN's best attempts, in or around October 2019, Plaintiff SALVADOR successfully complained to Defendant's Human Resources department and expressed her concerns of LEDEZMA's and NAZIEN's unlawful discrimination and harassment. Plaintiff expressly advised Defendant's Human Resources that she was fearful of her NAZIEN and LEDEZMA, particularly of potential retaliatory conduct that they would take against her, up to and including termination.

28. Instead of ceasing his harassment of Plaintiff SALVADOR, NAZIEN, in or around November 2019, followed Plaintiff into the women's bathroom in order to intimidate her out of pursuing

her complaints. NAZIEN cornered Plaintiff and threatened to escalate his campaign of harassment against her. Plaintiff, after several minutes, was able to exit the bathroom and NAZIEN's threats.

29. Undeterred by NAZIEN's threats, Plaintiff SALVADOR renewed her complaints to LEDEZMA regarding NAZIEN's harassment and discrimination, specifically reiterating his intimidation and threats, as well as sharing the bathroom incident.

30. In response to Plaintiff's complaints of harassment, discrimination, and overt intimidation, Defendant, by and through its agents LEDEZMA and Human Resources, failed to take remedial action to correct or prevent NAZIEN's harassment and discrimination of Plaintiff, and instead turned a blind eye to NAZIEN's actions. In fact, LEDEZMA, in response to Plaintiff's complaints, stated that NAZIEN's conduct was the result of Plaintiff's failure to "accept him."

31. In or around November 2019, the same month Plaintiff SALVADOR renewed her complaints of harassment and discrimination, Defendant retaliated against Plaintiff by transferring her to a different storefront. At the time, Defendants, by and through LEDEZMA and Human Resources, expressly stated that the transfer was "resolution" of her complaints. The storefront Plaintiff was transferred to was farther away from her house and thus required a longer commute, as well as being a notorious target for robberies, theft, and other petty to serious crimes.

32. In further retaliation, in or around November 2019, LEDEZMA informed Plaintiff that she caused "too much drama" and would not be eligible for the promotion she had earned for Fiscal Year 2018.

33. Despite the transfer, the gender-based harassment and unlawful discrimination did not cease.

34. By means of example and not meant to be an exhaustive list, in or around January 2019, LEDEZMA, in a group meeting with Plaintiff and her peers, stated that hiring "more women

would make the store cleaner since women are better at cleaning."

35. In or around March 2019, Plaintiff was again up for a promotion. LEDEZMA conducted her interview for the promotion. During the interview, he mentioned to Plaintiff that "people would not respect her as a lead because she is too emotional" to have a position of power and additional responsibility.

36. That same day, LEDEZMA promoted a male employee to the position. Notably, Plaintiff had trained this employee when he initially began his employment with Defendant. Further, the promoted male employee continued to perform the same duties he previously had, the same duties Plaintiff performed, under a higher title and pay.

37. In response to her former trainee's promotion, Plaintiff complained to LEDEZMA and complained of the unequal compensation and Defendant's failure to promote her in contravention of its own procedures and policies.

38. At all times material, Plaintiff was paid on a bi-weekly basis.

39. On or about November 27, 2019, Defendants, by and through LEDEZMA, wrongfully and unlawfully terminated Plaintiff.

40. On or about December 6, 2019, Plaintiff received her final paycheck in violation of the EPA.

41. Defendant Asurion paid Plaintiff less than her male colleagues because of her gender, including but not limited to the male employee whom Plaintiff trained and received the promotion Plaintiff was next in line for according to Defendant's own procedures and policies.

42. Plaintiff and her former trainee were responsible for performing the same job functions and assignments even after her former trainee's promotion, as further evidenced by the fact that Plaintiff was responsible for training her male counterpart.

43. The male employee who received the promotion Plaintiff was denied continued to perform the same or substantially similar core functions after her trainee, underscoring Plaintiff SALVADOR's denial as sex discrimination and retaliation.

44. As a result of Defendant's promotion of her male colleague without a change to his duties, Defendants failed to provide equal pay for equal work.

45. The above are merely examples of unlawful discrimination and retaliation to which the Defendant subjected the Plaintiff on a continuous and on-going basis throughout Claimant's employment.

46. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine

47. Plaintiff claims that Defendant unlawfully discriminated against and terminated Claimant because of her sex/gender and in retaliation for her opposition to activity prohibited under federal law.

48. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

49. As a result of Defendant's actions, Plaintiff felt humiliated, degraded, victimized, embarrassed and emotionally distressed.

50. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

51. As Defendant's conduct had been malicious, willful, extreme and outrageous, and with full knowledge of the law, Plaintiff respectfully seeks all available damages including but not limited to emotional distress, loss wages, back pay, front pay, statutory damages, attorney's fees, costs, interest and punitive damages from Defendant.

52. Defendant has established a pattern and practice of not only discrimination but also retaliation.

**COUNT 1:**
**VIOLATION OF THE EQUAL PAY ACT OF 1963,**

## 29 U.S.C. §206(d) - UNLAWFUL GENDER WAGE DISCRIMINATION

53. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 50 of this Complaint, and further alleges as follows.

54. Defendant's acts or omissions, through its employees and/or agents resulted in unfairly paying Plaintiff a base salary lower than her male counterpart employed by Defendant in the same or substantially similar role, for the same or substantially similar work with the same required skill, effort, and responsibility, violating 29 U.S.C. §§ 206(d)(1).

55. 29 U.S.C. §§ 206(d)(1) provides: "No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: Provided, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee."

56. Defendant discriminated against Plaintiff passed on her sex/gender in failing to promote her, promoting her male colleague and former trainee over her in violation of Company policy, and refusing to compensate Plaintiff equally for the same or similar work performed by her and her male colleague.

57. At all times material to this action, Defendant maintained written policies regarding or otherwise state: (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex. Under such polices, Plaintiff was entitled to a promotion and Defendants violated policy by promoting and compensating her male colleague to the same or substantially similar role.

58. Defendant's unlawful actions were willful.

59. Defendant's acts or omissions resulting in its paying Plaintiff less than her male counterpart were neither in good faith nor did it have reasonable grounds for believing that its acts or omissions were not a violation of the EPA.

60. As a direct and proximate result of the aforementioned discriminatory acts of Defendant, through its employees and/or agents, in violation of 29 U.S.C.§§ 206(d)(1), Defendant is liable.

61. As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

62. As a result of Defendant's violations of the EPA, Plaintiff has suffered damages, including, but not limited to: past and future wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

63. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

64. Plaintiff SALVADOR has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the EPA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate lost wages, employment benefits, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter a judgment requiring that Defendant pay to Plaintiff, in an amount to be determined at the time of trial plus interest, all emotional distress and economic damages, pain and suffering, loss of reputation, punitive damages, liquidated damages, and other pecuniary and non-pecuniary losses.

    d. Award Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements of action;

    e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II:**
**RETALIATION IN VIOLATION OF THE EQUAL PAY ACT OF 1963, 29 U.S.C. §§206(d), 215(a)(3) - UNLAWFUL GENDER WAGE DISCRIMINATION**

65. Plaintiff adopts and reincorporates by reference the allegations in paragraphs 1-50 of this Complaint, and further alleges as follows.

66. This is an action to recover damages resulting from unlawful and retaliatory actions and termination pursuant to the EPA.

67. 29 U.S.C. §215(a)(3) makes it unlawful to " to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to

serve on an industry committee…"

68. Plaintiff engaged in protected activity by requesting to be paid equal to her male colleague and opposing gender discrimination, retaliation, and practices made unlawful by the EPA.

69. In response to statutorily protected activity, Defendant, through its employees and/or agents, adopted a pattern of subjecting Plaintiff to a series of retaliatory adverse employment actions, including, but not limited to, the following: transferring her to a storefront requiring a longer commute and plagued with crime, subjecting Plaintiff to gender-based derogatory comments, materially altering the terms and conditions of her employment, ignoring her complaints of such conduct, and unlawfully terminating her employment.

70. These reprisals were a materially adverse employment action in that such actions, whether considered individually or collectively, altered the terms, conditions or privileges of Plaintiff's employment, and/or adversely affected Plaintiff's status as an employee. Further, the retaliatory acts were reasonably likely to deter employees from engaging in protected activity. As such, the retaliatory acts constitute adverse employment actions for the purposes of the EPA.

71. The retaliatory acts when considered collectively were sufficiently severe and/or pervasive to materially alter the conditions of Plaintiff's employment and create a hostile working environment.

72. In or around November 2019, Plaintiff complained and opposed Defendant's the adverse employment actions, failure to promote, and unequal compensation.

73. Defendant made no attempt to comply with the law, to address or redress the adverse

actions and instead unlawfully terminated Plaintiff SALVADOR's employment.

74. In opposing the discriminatory behavior, Plaintiff had a good faith, reasonable belief that she had been or was being subjected to unlawful discrimination on the basis of gender.

75. Plaintiff's actions are causally connected to her protected activity.

76. As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

77. As a result of Defendant's violations of the EPA, Plaintiff has suffered damages, including, but not limited to: past and future wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

78. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

79. Plaintiff SALVADOR has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the EPA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate lost wages, employment benefits, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter a judgment requiring that Defendant pay to Plaintiff, in an amount to be determined at the time of trial plus interest, all emotional distress and economic damages, pain and suffering, loss of reputation, punitive damages, liquidated damages,

  and other pecuniary and non-pecuniary losses.

d. Award Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements of action;

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues triable before a jury.

Dated: March 10, 2021  
   Miami, FL

**DEREK SMITH LAW GROUP, PLLC**  
701 Brickell Ave, Suite 1310  
Miami, FL 33131  
Tel: (305) 946-1884  
Fax: (305) 503-6741

s/ Lauren Tobin  
Lauren Tobin, Esq.  
Florida Bar No. 1024850  
Lauren@dereksmithlaw.com

*Counsel for Plaintiff Claudia Salvador*